**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHNNIE HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7685** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | **SECTION: "A"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Johnnie Harris, a state prisoner, filed this *pro se* civil action against Orleans Parish Sheriff Marlin Gusman, Director of Medical Services "John Doe," and "Inmate Green." Plaintiff brought this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

In his original complaint, plaintiff stated his claims as follows (without any alterations to grammar or spelling):

> Inmate Green attacked Johnnie Harris on 7-26-2018 and broke my jaw. Security intervened and escorted Mr. Harris to prison infirmary. Mr. Harris was examined by infirmary personnel and within 3 hours was transported to University Medical Center. I got a CAT-Scan and I was admitted overnight, also preped for operation Friday, July 27, 2018. At or around 3:45 p.m. the nurse informed me that the operation would be that following Monday 7/30/2018. At or around 5:45 p.m. I was discharged back into the custody of O.J.C. with a list of medications and a liquid diet. Upon returning to OJC I sat in medical while the medical staff put the lists into their computers. I was not administered any medication or nothing to eat. I phsycially layed in the rack in severe pain and hunger from 7/27/18 until 8/1/2018

when the operation was performed. I went without any food until 8/3/2018, and no medication until 8/1/2018.[1]

On October 25, 2018, a <u>Spears</u> hearing was held in this matter by United States Magistrate Judge Daniel E. Knowles, III. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id.</u>

At that hearing, plaintiff reiterated the allegations of his complaint. Further, when he was asked why he named Sheriff Gusman as a defendant, plaintiff testified that he sued Gusman simply because he is "the head of the jail"; however, plaintiff conceded that Gusman was not personally involved in the denial of medication or food. When plaintiff was asked why he sued the unidentified Director of Medical Services, plaintiff similarly explained that the medical director was sued based on his supervisory position, again conceding that the medical director was not personally involved in the denial of medication or food.

After the <u>Spears</u> hearing, Magistrate Judge Knowles issued a minute entry which, in pertinent part, stated:

> Plaintiff testified that neither Sheriff Gusman nor the Orleans Justice Center Medical Director were personally involved in denying plaintiff medication or food during the referenced period. Accordingly, if plaintiff wishes to file an amended complaint to assert claims against the individuals who personally denied him medication and food, the Court hereby grants him leave to do. Any amended

---

[1] Rec. Doc. 3, pp. 2-3.

complaint must be filed with the Court on or before **December 7, 2018**, and it must include the following information: (1) the name of each person plaintiff seeks to add as a defendant; (2) a proper service address for each such person; and (3) a short and plain statement of each claim plaintiff wishes to assert against each such person.[2]

Magistrate Judge Knowles also ordered Sheriff Gusman's counsel to produce both to the Court and to plaintiff certified copies of plaintiff's medical records and dietary records from the Orleans Justice Center for the period of July 26, 2018 through September 30, 2018.[3] Those records were subsequently received and filed into this federal record.[4]

In accordance with the minute entry, plaintiff did in fact file an amended complaint in which he added four new defendants: Dr. Xuong Nguyen; Nurse Practitioner Deborah Gray; Major Nicole Harris; and Kitchen Supervisor Captain Taylor.[5]

As to Dr. Nguyen, plaintiff alleged:

> On 7/27/2018 upon my return from U.M.C. to Orleans Justice Center I was escorted to medical where they received and entered my paper-work into their data-base. Doctor Nguyen began to exam and probe my face, mouth, but mainly my jaw. Asked me what was my pain level. I replied not bad at the moment but I know that medication will start to wear off. He told me that he would have the nurse give me something at last med-pass and he sent an urgent memo to the kitchen because I have a full-liquid diet. I received nothing. On the 31st of July I was brought back to medical. Dr. Nguyen again asked me about my pain-level. I informed him when when my jaw shifts the pain is blinding and it has been that since I last saw you Friday July 27th. After laughing and admitting that he completely forgot about me he gave me 100 mgs of Ibuprofen for a broken jaw. I informed him that I still hadn't eaten since Wednesday July 26th. He told me I'll survive until I received it. I didn't get my liquid diet until Friday August 3rd, 2018.[6]

As to Nurse Practitioner Gray, plaintiff alleged:

---

[2] Rec. Doc. 9.
[3] Id.
[4] Rec. Doc. 13.
[5] Rec. Doc. 11.
[6] Id. at pp. 1-2.

3

> Monday July 30th while I was outside of the 1st Floor triage Nurse Gray asked me how I was feeling. I told her I was in a lot of pain and asked her could she please give me something because I have not been given anything for my pain. She told me that she could not give me anything without seeing my chart. I asked her could she check it for me please. She blatantly told me, no.[7]

As to Major Nicole Harris, plaintiff alleged:

> Monday July 30th I stopped Major Harris while was making rounds and I expressed to her my injury and I was not receiving no kind of medicine or had not eaten since Thursday July 26th 2018. She asked me what exactly did I wanted her to do about it? I asked could she just look into it for me. She told me that she has nothing to do with medical. I said alright well could you see why I haven't my liquid diet yet since you're over security. She told me to just write Captain Taylor that's her department.[8]

As to Captain Taylor, plaintiff alleged:

> I wrote and complained to Captain Taylor since 7/30/2018 that I had not received my full liquid diet. I personally watched a nurse enter my paper-work into the computer system and for me not to be able to eat until 8/3/2018 there's no excuse. Captain Taylor never responded to me personally. Somebody told me that they were just informed of my diet and they sent a form for me to sign for my diet (5) days after it was ordered and it still took (2) more days just to receive my first meal since 7/26/2018.[9]

Upon Magistrate Judge Knowles' retirement, this matter was reassigned to the undersigned United States Magistrate Judge.[10]

## **I. Motion to Dismiss**

Dr. Nguyen and Nurse Practitioner Gray have now filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Plaintiff opposes that motion.[12]

---

[7] Id. at p. 2.
[8] Id. at pp. 2-3.
[9] Id. at p. 3.
[10] Rec. Doc. 20.
[11] Rec. Doc. 21.
[12] Rec. Doc. 24.

4

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In their motion to dismiss, Dr. Nguyen and Nurse Practitioner Gray argue that the claims against them should be dismissed because plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Federal courts have taken a strict approach to this requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002),

and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Moreover, the Fifth Circuit emphatically held that the exhaustion requirement cannot be excused by a federal court, stating:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. … District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (footnote omitted).

However, despite the foregoing, it is also clear that exhaustion is an affirmative defense on which the defendants bear the burden of proof. See, e.g., Abbott v. Babin, 587 F. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."); Morgan v. Texas Department of Criminal Justice McConnell Unit, 537 F. App'x 502, 508 (5th Cir. 2013); Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). Of course, "it is easy work to establish that dismissal is appropriate pursuant § 1997e(a) in the context of a properly supported motion for summary judgment under Rule 56 ...." Coleman v. Terrebonne Parish Criminal Justice

Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *2 (E.D. La. Nov. 13, 2013). Here, however, the defendants did not file a motion for summary judgment.

Instead, they opted to assert the defense in a Rule 12(b)(6) motion. Although the defense may be asserted in such motions, it is difficult to prevail since the Court is normally limited to reviewing only the complaint in considering a Rule 12(b)(6) motion. Therefore, for an exhaustion argument to succeed in this context, a plaintiff must generally concede in his complaint that administrative remedies were in fact available and that he simply did not utilize them. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (noting that a dismissal for failure to state a claim predicated on a failure to exhaust is appropriate "if the complaint itself makes clear that the prisoner failed to exhaust").

Plaintiff makes no such concession in this case. Rather, he expressly states in his complaint that there was a grievance procedure *and* that he presented the facts relating to his complaint to prison officials by utilizing that procedure.[13] Although the defendants argue that "a careful review of the [grievance] forms [plaintiff attached to his complaint] indicates that he has failed to exhaust the appellate procedures for the grievances related to his medical care from Dr. Nguyen and Ms. Gray,"[14] the Court disagrees. Those forms alone prove nothing. Here, there is no information whatsoever before the Court regarding the specifics of the applicable grievance process, such as the steps involved in the process and the procedure for appeals. Moreover, the Court cannot merely infer, without any proof, that an appeal would be reflected on the forms plaintiff provided. In light of these considerations, and because this Court must accept all of plaintiff's well-pleaded facts as

---

[13] Rec. Doc. 3, pp. 2-3.
[14] Rec. Doc. 21-1, p. 5.

7

true and view them in the light most favorable to him in considering a motion to dismiss, the undersigned declines to recommend dismissal on exhaustion grounds. If the defendants wish to avail themselves of the exhaustion defense, they should do so in a properly supported motion for summary judgment.

Dr. Nguyen and Nurse Practitioner Gray alternatively argue that plaintiff has failed to state a claim against them that is plausible on its face. Again, the Court disagrees.

In this case, plaintiff claims that he was denied the pain medication and liquid diet necessary due to his broken jaw. All inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. Specifically, an inmate's constitutional right to medical care is violated if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Non-life-threatening injuries are a serious medical need where the injuries induced severe pain." Oakley v. Hudson, 670 F. App'x 291, 292 (5th Cir. 2016). The defendants do not appear to dispute that a broken jaw is a "serious medical need." In any event, it clearly is. See Harris, 198 F.3d at 159-60.

The defendants do, however, argue that plaintiff's allegations, even if accepted as true, fail to state a plausible claim of "deliberate indifference." For the following reasons, the Court finds otherwise.

Regarding the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. … [T]he plaintiff must show that the officials refused to treat him, *ignored his complaints*, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added; quotation marks omitted).

As noted, plaintiff alleges that he went several days without food because he was unable to eat solid food and was not provided the prescribed liquid diet. He further alleges that when he informed Dr. Nguyen of the fact that the liquid diet had not been provided for five days, the doctor took no action and instead simply told plaintiff that he would survive until he received it. Such a cavalier response would clearly suffice to state a plausible claim of deliberate indifference especially where, as here, it does not appear to be disputed that a liquid diet was medically necessary and that Dr. Nguyen was in a position to ensure that it was provided. See, e.g., Esquivel v. Doe, Civ. Action No. 3:12-CV-316, 2013 WL 4482741 (S.D. Tex. Apr. 19, 2013) (allegations that prison officials were aware that inmate was suffering from a broken jaw yet declined to take the steps necessary to insure that he received proper care, including a liquid diet, could suffice to state a claim of deliberate indifference); see also Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (allegations that defendants failed to provide a prescribed liquid diet to a prisoner with broken jaw were actionable).

It is also apparent that plaintiff has stated a plausible claim against Nurse Practitioner Gray. As noted, plaintiff alleges that he advised Gray that he was "in a lot of pain" and asked her for pain medication. He further alleges that she replied that she could not give him any medication

9

without consulting his chart and that she flatly refused to review the chart.  That, too, suffices to state a claim of deliberate indifference where, again, it does not appear to be disputed that the pain medication was medically necessary and that Gray was in a position to provide it.  See, e.g., Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 422-23 (5th Cir. 2017) (noting that "our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference" and holding that allegations that prison official was deliberately indifferent in failing to make an effort to help an inmate in great pain to obtain pain medication were actionable); Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (finding that a deliberate indifference claim had been stated against nurse based on her delay in providing pain medication to a prisoner in great pain); Williams v. Certain Individual Employees of the Texas Department of Criminal Justice-Institutional Division, 480 F. App'x 251, 257 (5th Cir. 2010) ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment."); Suiter v. VanNatta, No. 3:06-CV-197, 2008 WL 820286, at *7 (N.D. Ind. Mar. 25, 2008) ("[A] rational finder of fact could conclude that if a prisoner who already had been diagnosed with a broken jaw approached a nurse, asking her to help in renewing his prescriptions for pain medication and a liquid diet, and the nurse simply said 'no' instead of referring him to a doctor who could renew the prescriptions, then the nurse has been deliberately indifferent to the prisoner's serious medical needs under the subjective prong of the Eighth Amendment test.").

      While the Court cannot say that plaintiff will necessarily prevail on his claims, that is not required at this stage.  Rather, to survive a Rule 12(b)(6) motion, all that is required is that the

plaintiff allege facts which, if accepted as true and viewed in the light most favorable to him, state a claim to relief that is plausible on its face. In this case, plaintiff has done so.

## II. Mandatory Screening

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

11

Although broadly construing plaintiff's complaint[15] and fully considering his <u>Spears</u> hearing testimony, the undersigned recommends that plaintiff's claims against Orleans Parish Sheriff Marlin Gusman, Director of Medical Services "John Doe," and "Inmate Green" be dismissed for the following reasons.

### A. Claims Against Orleans Parish Sheriff Marlin Gusman and Director of Medical Services "John Doe"

As noted, plaintiff named Orleans Parish Sheriff Marlin Gusman and Director of Medical Services "John Doe" as defendants in the original complaint. When asked at the <u>Spears</u> hearing why he sued those individuals, plaintiff explained that he sued them because they hold supervisory positions at the Orleans Justice Center. He conceded that Sheriff Gusman and the medical director were not personally involved in the challenged denial of medical care and food. Based on those explanations, it obvious that plaintiff has failed to state a proper claim against these two defendants in either their official or individual capacities.

If Sheriff Gusman and the medical director are being sued in their official capacities, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, any official-capacities claims against these defendants would in reality be claims against the local governmental body itself. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of*

---

[15] The Court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

> *rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against either Sheriff Gusman or the medical director.

On the other hand, if Sheriff Gusman and the medical director are being sued in their individual capacities, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, the complaint includes no allegations whatsoever against either Sheriff Gusman or the medical director and, further,

13

plaintiff conceded at the Spears hearing that they were not personally involved in the underlying denial of medical care and food. Although these defendants hold supervisory positions, that fact alone is not a basis for liability under 42 U.S.C. § 1983. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008). Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against either Sheriff Gusman or the medical director.

### B. Claims Against "Inmate Green"

Plaintiff also sued "Inmate Green," the prisoner who attacked him and broke his jaw. However, "[n]umerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." Goodell v. Anthony, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001); accord Hudson v. Kintock Group, Civ. Action No. 12-4728, 2013 WL 6230268, at *3 (D.N.J. Dec. 2, 2013) ("[A]n inmate's attack on another inmate cannot be attributed to the state in order to qualify the attacker as a state actor."); Batiste v. Gusman, Civ. Action No. 13-96, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009) (same); Butler v. Jenkins, 450 F. Supp. 574, 575 (E.D. Tenn. 1978) (same). Because Green was not acting under color of state law, any § 1983 claim against him is legally frivolous. See, e.g., McCallup v. Arender, No. 02-60224, 2002

WL 31730409 (5th Cir. Nov. 27, 2002) (upholding dismissal of claims against persons not shown to be state actors as frivolous).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Dr. Xuong Nguyen and Nurse Practitioner Deborah Gray, Rec. Doc. 21, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Orleans Parish Sheriff Marlin Gusman, Director of Medical Services "John Doe," and "Inmate Green" be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of February, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**