UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNIE HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7685** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | **SECTION: "A"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Johnnie Harris, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 alleging that, after his jaw was broken at the Orleans Justice Center, he was denied pain medication and a liquid diet. Currently pending before the Court is a motion to dismiss filed by Dr. Xuong Nguyen and Nurse Practitioner Deborah Gray.

This is the second such motion filed by Nguyen and Gray. In their first motion, they argued that plaintiff failed to exhaust his administrative remedies and, alternatively, failed to state facially plausible claims against them. In a prior Partial Report and Recommendation, the undersigned United States Magistrate Judge recommended that their motion be denied. Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 1177730 (E.D. La. Feb. 20, 2019).[1] They filed no objections, and the United States District Judge adopted that Partial Report and Recommendation. Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 1168432 (E.D. La. Mar. 20, 2019).[2]

Nguyen and Gray have now filed yet another motion to dismiss.[3] Plaintiff opposed that motion,[4] and Nguyen and Gray filed a sur-reply.[5] Once again, the undersigned finds that the defendants' motion to dismiss is meritless and should therefore be denied.

---

[1] Rec. Doc. 25.
[2] Rec. Doc. 26.
[3] Rec. Doc. 32.
[4] Rec. Doc. 39.
[5] Rec. Doc. 42.

In the instant motion, the defendants argue that plaintiff is asserting state medical malpractice claims against them and that those claims should be dismissed as premature because he has not yet complied with a state law requiring that such claims first be presented to a Medical Review Panel. La. Rev. Stat. Ann. § 40:1231.8.

However, contrary to the defendants' argument, plaintiff is *not* asserting *state medical malpractice claims*. As was already determined in the prior rulings in this case, plaintiff alleges intentional acts of mistreatment and states facially plausible *federal constitutional claims* under 42 U.S.C. § 1983.[6] A plaintiff asserting such federal § 1983 claims has no obligation to comply with

---

[6] As explained in the prior Partial Report and Recommendation:

> All inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. Specifically, an inmate's constitutional right to medical care is violated if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).
>
> The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Non-life-threatening injuries are a serious medical need where the injuries induced severe pain." Oakley v. Hudson, 670 F. App'x 291, 292 (5th Cir. 2016). The defendants do not appear to dispute that a broken jaw is a "serious medical need." In any event, it clearly is. See Harris, 198 F.3d at 159-60.
>
> The defendants do, however, argue that plaintiff's allegations, even if accepted as true, fail to state a plausible claim of "deliberate indifference." For the following reasons, the Court finds otherwise.
>
> Regarding the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:
>
>> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that the officials refused to treat him, *ignored his complaints*, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.
>
> Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added; quotation marks omitted).
>
> As noted, plaintiff alleges that he went several days without food because he was unable to eat solid food and was not provided the prescribed liquid diet. He further alleges that when he informed Dr. Nguyen of the fact that the liquid diet had not been provided for five days, the doctor took no action and instead simply told plaintiff that he would survive until he received it. Such a cavalier response would clearly suffice to state a plausible claim of deliberate indifference especially where, as here, it does not appear to be disputed that a liquid diet was medically necessary and that Dr. Nguyen was in a position to ensure that it was provided. See, e.g., Esquivel v. Doe, Civ. Action No. 3:12-CV-316, 2013 WL 4482741 (S.D. Tex. Apr. 19, 2013) (allegations that prison officials

the state law requirements applicable to state medical malpractice claims. See, e.g., Adams v. Foti, Civ. Action No. 02-1059, 2004 WL 241859, at *4 (E.D. La. Feb. 5, 2004) (Zainey, J.) ("[A]n inmate's complaint of intentional failure to respond to his medical needs is not governed by the [Louisiana Medical Malpractice Act] which covers only unintentional acts. [Plaintiff] was therefore not required to present his federal civil rights claim to a Louisiana medical review panel." (citation omitted)); accord Colbert v. City of Baton Rouge/Parish of East Baton Rouge, Civ. Action No. 17-00028, 2018 WL 344966, at *7 (M.D. La. Jan. 9, 2018); Shorts v. Oubre, Civ. Action No. 15-3047, 2016 WL 1294409, at *4 (E.D. La. Jan. 19, 2016), adopted, 2016 WL 1268345 (E.D. La. Mar. 31, 2016); Bailey v. E.B.R. Parish Prison, Civ. Action No. 12-224, 2015 WL 545706, at *3 (M.D. La. Feb. 9, 2015); Thomas v. James, 809 F. Supp. 448, 449 (W.D. La. 1993).

---

were aware that inmate was suffering from a broken jaw yet declined to take the steps necessary to insure that he received proper care, including a liquid diet, could suffice to state a claim of deliberate indifference); see also Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (allegations that defendants failed to provide a prescribed liquid diet to a prisoner with broken jaw were actionable).

    It is also apparent that plaintiff has stated a plausible claim against Nurse Practitioner Gray. As noted, plaintiff alleges that he advised Gray that he was "in a lot of pain" and asked her for pain medication. He further alleges that she replied that she could not give him any medication without consulting his chart and that she flatly refused to review the chart. That, too, suffices to state a claim of deliberate indifference where, again, it does not appear to be disputed that the pain medication was medically necessary and that Gray was in a position to provide it. See, e.g., Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 422-23 (5th Cir. 2017) (noting that "our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference" and holding that allegations that prison official was deliberately indifferent in failing to make an effort to help an inmate in great pain to obtain pain medication were actionable); Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (finding that a deliberate indifference claim had been stated against nurse based on her delay in providing pain medication to a prisoner in great pain); Williams v. Certain Individual Employees of the Texas Department of Criminal Justice-Institutional Division, 480 F. App'x 251, 257 (5th Cir. 2010) ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment."); Suiter v. VanNatta, No. 3:06-CV-197, 2008 WL 820286, at *7 (N.D. Ind. Mar. 25, 2008) ("[A] rational finder of fact could conclude that if a prisoner who already had been diagnosed with a broken jaw approached a nurse, asking her to help in renewing his prescriptions for pain medication and a liquid diet, and the nurse simply said 'no' instead of referring him to a doctor who could renew the prescriptions, then the nurse has been deliberately indifferent to the prisoner's serious medical needs under the subjective prong of the Eighth Amendment test.").

Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 1177730, at *5-6 (E.D. La. Feb. 20, 2019), adopted, 2019 WL 1168432 (E.D. La. Mar. 20, 2019); Rec. Docs. 25 and 26.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion to dismiss filed by Dr. Xuong Nguyen and Nurse Practitioner Deborah Gray, Rec. Doc. 32, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of May, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**