# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNIE HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7685-DMD** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Johnnie Harris, a state prisoner, filed this *pro se* civil action against Orleans Parish Sheriff Marlin Gusman, Director of Medical Services "John Doe," and "Inmate Green." In the original complaint, plaintiff stated his claims as follows:

> Inmate Green attacked Johnnie Harris on 7-26-2018 and broke my jaw. Security intervened and escorted Mr. Harris to prison infirmary. Mr. Harris was examined by infirmary personnel and within 3 hours was transported to University Medical Center. I got a CAT-Scan and I was admitted overnight, also preped for operation Friday, July 27, 2018. At or around 3:45 p.m. the nurse informed me that the operation would be that following Monday 7/30/2018. At or around 5:45 p.m. I was discharged back into the custody of O.J.C. with a list of medications and a liquid diet. Upon returning to OJC I sat in medical while the medical staff put the lists into their computers. I was not administered any medication or nothing to eat. I phsycially layed in the rack in severe pain and hunger from 7/27/18 until 8/1/2018 when the operation was performed. I went without any food until 8/3/2018, and no medication until 8/1/2018.[1]

On October 25, 2018, a <u>Spears</u> hearing was held in this matter by United States Magistrate Judge Daniel E. Knowles, III.[2] Magistrate Judge Knowles also ordered Sheriff Gusman's counsel to produce both to the Court and to plaintiff certified copies of plaintiff's medical records and

---

[1] Rec. Doc. 3, pp. 4-5. Throughout this opinion, all quotations from the pleadings are verbatim without any alterations to grammar or spelling.
[2] See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). Upon Magistrate Judge Knowles' retirement, this matter was reassigned to the undersigned United States Magistrate Judge. Rec. Doc. 20.

dietary records from the Orleans Justice Center for the period of July 26, 2018 through September 30, 2018.³

Plaintiff then filed an amended complaint in which he added four new defendants: Dr. Xuong Nguyen; Nurse Practitioner Deborah Gray; Major Nicole Harris; and Kitchen Supervisor Captain Cathy Taylor.⁴

Dr. Nguyen and Nurse Practitioner Gray thereafter filed two motions to dismiss, both of which were denied.⁵ However, the Court dismissed plaintiff's claims against Orleans Parish Sheriff Marlin Gusman, Director of Medical Services "John Doe," and "Inmate Green" *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).⁶

Dr. Nguyen and Nurse Practitioner Gray then filed a motion for summary judgment.⁷ That motion was granted on December 12, 2019.⁸

Accordingly, the only claims remaining in this case are those against Major Harris and Captain Taylor. Those defendants have now filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.⁹ Plaintiff has opposed that motion.¹⁰

## I. Applicable Legal Standards

The United States Fifth Circuit Court of Appeals has held:

The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. See Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter,

---

³ Rec. Doc. 9. Those records were subsequently received and filed into this federal record. Rec. Doc. 13.
⁴ Rec. Doc. 11.
⁵ Rec. Docs. 25, 26, 43, and 45; Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 1177730 (E.D. La. Feb. 20, 2019), adopted, 2019 WL 1168432 (E.D. La. Mar. 13, 2019); Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 2607214 (E.D. La. May 28, 2019), adopted, 2019 WL 2603667 (E.D. La. June 25, 2019).
⁶ Rec. Docs. 25 and 26; Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 1177730 (E.D. La. Feb. 20, 2019), adopted, 2019 WL 1168432 (E.D. La. Mar. 13, 2019).
⁷ Rec. Doc. 51.
⁸ Rec. Doc. 60; Harris v. Gusman, Civ. Action No. 18-7685, 2019 WL 6770021 (E.D. La. Dec. 12, 2019).
⁹ Rec. Doc. 61
¹⁰ Rec. Doc. 63.

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This involves a two-step inquiry. See Robertson, 751 F.3d at 388, 390. First, we must identify the complaint's well-pleaded factual content. See id. at 388. In doing so, we set aside "any unsupported legal conclusions," the truth of which "we cannot assume." Id.; see also Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937. Second, we ask whether the remaining allegations "are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold." Robertson, 751 F.3d at 390 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937). In other words, we ask whether we can reasonably infer from the complaint's well-pleaded factual content "more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Section 1983 provides a cause of action to an individual harmed by a state official's violation of federal law. A state official sued under § 1983 is entitled to qualified immunity from damages, which protects the official from liability for any act that was not objectively unreasonable at the time of the act. See Lincoln v. Turner, 874 F.3d 833, 847 (5th Cir. 2017). "The basic steps of our qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" Id. at 847-48 (quoting Morgan, 659 F.3d at 371). When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead "facts which, if proved, would defeat [the] claim of immunity." Westfall v. Luna, 903 F.3d 534, 542 (5th Cir. 2018) (quoting Brown v. Glossip, 878 F.2d 871, 874 (5th Cir. 1989)).

Waller v. Hanlon, 922 F.3d 590, 599 (5th Cir. 2019).

## II. Plaintiff's Claims

In this lawsuit, plaintiff faults Major Nicole Harris and Kitchen Supervisor Captain Cathy Taylor for failing to ensure that he received the prescribed treatments for his broken jaw. All inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, an inmate's constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

3

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Non-life-threatening injuries are a serious medical need where the injuries induced severe pain." Oakley v. Hudson, 670 F. App'x 291, 292 (5th Cir. 2016). The defendants do not appear to dispute that a broken jaw is a "serious medical need."

Regarding the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained: "Deliberate indifference is an extremely high standard to meet. … [T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks omitted). Failure to provide medically necessary pain medication can rise to the level of deliberate indifference. See, e.g., Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 422-23 (5th Cir. 2017) (noting that "our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference" and holding that allegations that prison official was deliberately indifferent in failing to make an effort to help an inmate in great pain to obtain pain medication were actionable); Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (finding that a deliberate indifference claim had been stated against nurse based on her delay in providing pain medication to a prisoner in great pain); Williams v. Certain Individual Employees of the Texas Department of Criminal Justice-Institutional Division, 480 F. App'x 251, 257 (5th Cir. 2010) ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment."). The same is true of a failure to provide a medically necessary liquid diet. See, e.g.,

Esquivel v. Doe, Civ. Action No. 3:12-CV-316, 2013 WL 4482741 (S.D. Tex. Apr. 19, 2013) (allegations that prison officials were aware that inmate was suffering from a broken jaw yet declined to take the steps necessary to insure that he received proper care, including a liquid diet, could suffice to state a claim of deliberate indifference); see also Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (allegations that defendants failed to provide a prescribed liquid diet to a prisoner with broken jaw were actionable).

In their motion for judgment on the pleadings, the defendants argue that plaintiff's allegations are insufficient to support claims of deliberate indifference against them and, alternatively, they are protected by qualified immunity.

### A. Major Harris

Plaintiff stated his claim against Major Harris as follows:

> Monday July 30th I stopped Major Harris while was making rounds and I expressed to her my injury and I was not receiving no kind of medicine or had not eaten since Thursday July 26th 2018. She asked me what exactly did I wanted her to do about it? I asked could she just look into it for me. She told me that she has nothing to do with medical. I said alright well could you see why I haven't my liquid diet yet since you're over security. She told me to just write Captain Taylor that's her department.[11]

The Court agrees that the foregoing allegations are insufficient to state an actionable claim against Major Harris. Even if the allegations are accepted as true, they show only that Major Harris notified plaintiff that she was not the proper person to address his complaints and that he must therefore direct his complaints elsewhere. Requiring a prisoner to submit his non-emergency complaints to the correct department (in this case, the medical department and/or the food service department) in accordance with the applicable jail procedures does not rise to the level of a constitutional violation. See Haddix v. Burris, No. C-12-1674, 2013 WL 2950655, at *2 (N.D.

---

[11] Rec. Doc. 11, pp. 2-3.

Cal. June 14, 2013) ("[P]rison officials may require inmates to comply with regulations that have established procedures for recurring issues without violating an inmate's constitutional rights."); see also Green v. Guidry, Civ. Action No. 19-12052, 2019 WL 5540959, at *9 (E.D. La. Oct. 4, 2019) ("Here, jail officials did not ignore plaintiff's need for medical care; rather, they simply instructed him that he must submit a formal request for medical care in accordance with the jail's procedures. Requiring such a request does not violate an inmate's right to medical care."), adopted, 2019 WL 5538065 (E.D. La. Oct. 25, 2019); Alexander v. Texas Department of Criminal Justice, Civ. Action No. H-16-3520, 2017 WL 5749548, at *3 (S.D. Tex. Nov. 28, 2017) ("[Prisoner]'s allegation that a nurse practitioner told him to submit a sick call request to see a physician about his need for pain medication does not establish that he was denied care with the requisite deliberate indifference for purposes of stating a claim under the Eighth Amendment."); Curtis v. Gonzales, Civ. Action No. SA-09-CV-0911, 2010 WL 3928521, at *3 (W.D. Tex. Oct. 5, 2010) (Nowak, M.J.) ("Rather than ignore [the prisoner]'s complaints, [prison] employees instructed [the prisoner] to comply with prison procedures for seeking medical treatment. Such conduct does not evince a wanton disregard for a serious medical need.") (adopted by Garcia, J., on December 10, 2010); Maxwell v. Epps, No. 4:04CV168, 2007 WL 4287712, at *2 (N.D. Miss. Dec. 4, 2007).

In his opposition, plaintiff counters: "Even though the kitchen was not [Major Harris's] department, witnessing the Plaintiff's condition, 'face swollen and talking through clenched teeth,' it should have been her duty to use her resources to find out why the Plaintiff had not received his meals. Knowing the Plaintiff resources were limited (inmate or not)."[12]

---

[12] Rec. Doc. 63, pp. 3-4.

The Court wholeheartedly agrees that it would have been preferable for Major Harris to act in a more professional – and humane – manner and to at least attempt to get the problem resolved. However, that simply is not the issue – the issue is whether the federal constitution *required* her to do so. It did not. Major Harris had no constitutional obligation to resolve non-emergency complaints that fell outside the scope of her duties and authority. Because it was constitutionally permissible for her to decline to become involved and to instead advise plaintiff that he must submit his complaint in the proper manner to the proper department, her unwillingness to assist plaintiff in this instance did not rise to the level of a constitutional deprivation.

### B. Captain Taylor

Plaintiff stated his claim against Captain Taylor as follows:

> I wrote and complained to Captain Taylor since 7/30/2018 that I had not received my full liquid diet. I personally watched a nurse enter my paper-work into the computer system and for me not to be able to eat until 8/3/2018 there's no excuse. Captain Taylor never responded to me personally. Somebody told me that they were just informed of my diet and they sent a form for me to sign for my diet (5) days after it was ordered and it still took (2) more days just to receive my first meal since 7/26/2018.[13]

In the pending motion, the defendants argue:

> [T]he plaintiff has not alleged that Captain Taylor was personally aware that he was not receiving his liquid diet or that she was involved with the failure to provide his diet. A defendant is personally liable under § 1983 only if he had personal involvement in the unconstitutional act. Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981). It is undisputed that Captain Cathy Taylor was not personally involved in feeding the plaintiff, and the plaintiff in fact alleges that someone else brought him his diet. The Plaintiff has presented no allegation that Captain Taylor knew of any risk to his person, much less that she failed to act and/or disregarded such a risk.[14]

The defendants are correct in noting that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Because

---

[13] Rec. Doc. 11, p. 3.
[14] Rec. Doc. 61-1, p. 5 (footnote omitted).

there is no vicarious liability for supervisors for the conduct of their subordinates, a claim against a supervisor such as Taylor fails absent well-pled allegations of her personal involvement or some other form of causation to connect her to the violation. Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit … – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, Texas, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations committed within the jail if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

The defendants are also correct in noting that plaintiff's *original* statement of his claim failed to adequately allege the personal involvement of Taylor. However, the United States Fifth Circuit Court of Appeals has held that when a court is considering the adequacy of a *pro se* complaint, the court must consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Accordingly, a *pro se* litigant's supplemental filings which embellish the original complaint's averments may appropriately be considered. Id.

Here, plaintiff has added the following new allegations in his opposition to the instant motion:

> To farther substantiate Plaintiff's case Dr. Xuong Nguyen stated that he himself sent multiple urgent notices to Captain Taylor and the kitchen staff

> concerning Plaintiff's liquid diet. So to say that Captain Taylor was unaware of the situation is not true.
> … Because by Doctor Xuong Nguyen statement alone tells the Court that his urgent notices with straight to her computer or her desk.[15]

Those allegations will be considered as an amendment to the complaint. They also adequately allege that Captain Taylor was personally aware that plaintiff was not receiving his liquid diet, and the defendants do not dispute that she was the kitchen supervisor or that, as such, her duties included taking the actions reasonably necessary to ensure that inmates received their proper meals. Therefore, plaintiff's complaint, as amended, is adequate to prevent judgment on the pleadings based on a failure to allege personal involvement on the part of Captain Taylor.

The defendants' second argument is that, in any event, Captain Taylor is protected against plaintiff's claim by qualified immunity. The Court disagrees, at least at this stage of the proceedings. "It is clearly established that state prisoners are entitled to reasonably adequate food. The Eighth Amendment is violated if the denial of food constitutes a denial of the minimal civilized measure of life's necessities." Marquez v. Woody, 440 F. App'x 318, 324 (5th Cir. 2011). Therefore, qualified immunity does not protect a jail official who refuses a specialized diet to an inmate who has been prescribed such a diet as medically necessary. Id.

That said, the Court recognizes that Captain Taylor will require time to conduct additional discovery in light of this eleventh-hour amendment to the complaint. Therefore, the trial in this matter will be postponed and the litigation deadlines, including discovery deadlines, will be extended.

Accordingly,

**IT IS ORDERED** that the motion for judgment on the pleadings, Rec. Doc. 61, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to

---

[15] Rec. Doc. 63, pp. 4-5.

Major Nicole Harris, and all claims against Major Nicole Harris are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** with respect to Captain Cathy Taylor.

**IT IS FURTHER ORDERED** that the final pretrial conferenced scheduled for February 18, 2020, and the jury trial scheduled to commence on March 9, 2020, are **CANCELED**.

**IT IS FURTHER ORDERED** that a telephone conference will be held on **March 4, 2020, at 2:00 p.m.**, for the purpose of selecting a new trial date.

New Orleans, Louisiana, this __13th__ day of February, 2020.

*Dana M. Douglas*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**